Case 7:21-cv-00285 Document 36 Filed on 01/11/23 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID RODRIGUEZ<br>(TDCJ # 02104651)<br><br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:21-CV-285 |

**REPORT AND RECOMMENDATION**

Pending before the undersigned is Petitioner's Motion for Leave to Proceed *in forma pauperis*, filed as of November 4, 2022. (Dkt. No. 31.) Said motion was referred for review and resolution pursuant to 28 U.S.C. § 636(b). Per direction of the undersigned, Petitioner has filed Supplemental Brief for Motion for Leave to Proceed *In Forma* Pauperis as of January 3, 2023. With the filing of said supplemental motion, the matter is now ripe for review. Based on review of application, supplemental motion, and relevant law, the undersigned recommends that Petitioner's request to appeal *in forma pauperis* be denied for it is not taken in good faith.

**I.**

**Procedural Background/Request to Appeal *In Forma Pauperis***

As explained in Order issued on December 12, 2022, Petitioner, in seeking appeal, is actually seeking a certificate of appealability as to the denial of Petitioner's Petition for Writ of

1

Habeas Corpus. In support of this request, Petitioner submitted an application to proceed without prepayment of fees and a print-out of the inmate trust fund account in compliance with 28 U.S.C. § 1915(a). *See* Dkt. Nos. 31-1 and 32. As noted in the Order issued in December, a review of the application reveals that Petitioner's only source of income are gifts from a family member. (Dkt. No. 31-1 at 1.) Further, a review of the trust fund account reveals Petitioner's current balance is under two dollars, total deposits for three months is $30.00, and while the monthly high balance in April 2022 is $800.54, the monthly high balance as of September 2022 was $30.22. (Dkt. No. 32 at 1.) However, Petitioner's financial background is only one part of the equation. Petitioner is also required to set forth in request for leave to proceed *in forma pauperis* the issue or issues Petitioner seeks to redress in seeking a certificate of appealability from the Court of Appeals pursuant to Fed. R. App. P. 24(a)(1).

In the supplemental motion, Petitioner sets out the following issues:

(1) Under AEDPA, the one-year limitation period may be tolled under certain circumstances. The Texas Court of Criminal Appeals (TCCA) waited seven days to post mark and mail the 11.07 denial notice after their ruling. Rodriguez received it two days after his deadline had expired and filed the 2254 on the same day. Is he entitled to Statutory [tolling per 28 U.S.C. § 2244(d)(1)(B)] or Equitable tolling for the State's seven-day delay?

(2) Under the Magistrates Act, upon timely objection, a District Judge must review the Magistrate's Report and Recommendation (R&R) De Novo and provide independent reasoning tailored to the objections. Per the mailbox rule, Rodriguez filed the objections on June 30th which were due before July 5th. The District Court issued a one-page order adopting the R&R without addressing any of the objections. Did the District Judge err in not addressing any objections?

(Dkt. No. 35 at 1-2, 6.)

## II.

## Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."[1] "An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous." *Holden v. Stephens*, No. 3:14-CV-70-L-BN, 2015 WL 3528231, at *2 (N.D. Tex. June 4, 2015) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). The issue is not the petitioner's good faith subjective rational for the appeal, "but rather whether, objectively speaking, there is a non-frivolous issue to be litigated on appeal." *Id.* at *2 (citations omitted). "A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless." *Dixon v. Jump*, No. 2:21-CV-27, 2022 WL 2442795, at *3 (S.D. Ga. June 13, 2022), *report and rec. adopted*, No. 2:21-CV-27, 2022 WL 2441740 (S.D. Ga. July 1, 2022) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). Whether or not the appeal will be a success is not the issue, "[t]he inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous.)'" *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S. D. Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)).

   a. <u>Claim No. 1</u>

Petitioner's writ was two-days late and thus held to be untimely filed. (Dkt. No. 18 at 20-21.) Petitioner argues that the state created an impediment to his timely filing under 28 U.S.C. §

---

[1] As outlined in the pervious order, the following statues and procedural rules govern Petitioner's request to proceed without a need to pay the filing fee: R. Gov. § 2254 Cases 11, Fed. R. App. 24, and 28 U.S.C. § 1915; *see also Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983); *Holden v. Stephens*, No. 3:14-CV-70-L-BN, 2015 WL 3528231, at *2 (N.D. Tex. June 4, 2015).

3

2244(d)(1)(B) by failing to promptly notify Petitioner of the denial of his state habeas petition. In the alternative, Petitioner argues that equitable tolling should be allowed as any individual filing a writ of habeas corpus should be provided the whole year to file said writ. Essentially, since a writ may be filed within a year of judgment becoming final, Petitioner should not be held accountable for waiting until the proverbial "last minute" in the filing of his petition. As noted, the issue is not whether or not a petitioner will have success at the appellate level, the issue is whether or not the claim is frivolous.

The issue of delay service or notice of the state habeas claim was addressed with the context of the equitable tolling. *See* Dkt. No. 18 at 20 n. 17 (noting that "Petitioner complains of a state-created impediment, however, in the context of equitable tolling and it is addressed as such in this report and recommendation." (citation omitted)). The undersigned concluded based on review of the relevant case law, that the delay notification of state response for a short time was not an extraordinary circumstance warranting equitable tolling. *See* Civ. Dkt. No. 18 at 23-24.

The Fifth Circuit "has held that when the state fails to provide notice of its ruling on state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation." *Critchley v. Thaler*, 586 F.3d 318, 321 n.3 (5th Cir. 2009); *see also Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013) ("We have serious reservation about whether the State's failure to notify [petitioner] of the January 29, 2010 denial provides a basis for a statutory tolling claim rather than merely an equitable tolling claim."). Thus, under relevant Fifth Circuit precedent, the claim was appropriately considered within the Report and Recommendation. And, as articulated within the Report and Recommendation[2], the delay notification was not an

---

[2] The Report and Recommendation issued on May 18, 2022 (Dkt. No. 18), is incorporated herein in support of denial of request to proceed *in forma pauperis*. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) ("To comply with Rule 24 …, it often may suffice for the district court to incorporate by reference

4

extraordinary circumstances warranting equitable tolling nor was the Petitioner diligent in seeking review of his claims. *See* Dkt. No. 18 at 23-28.

The undersigned recommends that the first claim has no legal or factual merit and is frivolous. The claim was appropriately reviewed under concept of equitable tolling and subsequently denied. The first claim is not brought in good faith warranting Petitioner being allowed to proceed *in forma pauperis*.

  b. Claim No. 2:

This matter was considered by the undersigned on referral from the District Court pursuant to 28 U.S.C. § 636(b). (Civ. Dkt. No. 18 at 1.)

Pursuant to that section:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a de novo determination of those portions of the report and recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part the findings by the magistrate judge.

28 U.S.C. § 636(b).

When a district court conducts such a review and then sets in an Order that it has conducted a *de novo* review of the issues objected to and that after such review the report is adopted or accepted, that "language constitutes sufficient proof that the district court conducted a de novo review in accordance with 28 U.S.C. § 636(b)(1)(C)." *Scott v. Alford*, 62 F.3d 395, 1995 WL 450216, at *3 (5th Cir. 1995) (noting that the following language is sufficient to establish de novo review: "The Court has conducted a careful de novo review of the pleadings and testimony in this

---

its decision in dismissing the prisoner's complaint on the merits with or without supplementation, as the trial court deems appropriate, to fully apprise us of the reasons for the certification.").

5

case, the Report of the Magistrate Judge, and the Defendant's objections thereto. Upon such review, ... the Court has determined that the Magistrate Judge was correct.").

Petitioner was granted an extension to file his objections to the Report and Recommendation. (Dkt. No. 21.) Petitioner was provided until July 5, 2022 to file his objections. (*Id.*) Petitioner's objections, along with leave to file them, was not received by the Clerk's Office until July 8, 2022, but Petitioner provided an unsworn declaration that he had placed the objections into the mail system on June 30, 2022. *See Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008) (noting that a *pro se* prisoner's federal habeas corpus petition is filed on the date it is placed in the prison mail system) (citations omitted)). Based on that unsworn declaration the objections were considered timely filed and were considered by the District Court.

Petitioner filed several objections to the report and recommendation.

First, Petitioner objected to the granting of summary judgment in favor of Respondent due to Petitioner's untimely filing and the summary judgment standard applied. (Civ. Dkt. No. 23-1 at 2.) Petitioner argued that the standard applied in granting summary judgment was based on a time bar, and thus "must not be based on the AEDPA's presumption of correctness of a state court factual determination." (*Id.*) Therefore, Petitioner concluded, that the standard of review should be under civil standards of review, and not AEDPA standards. (*Id.* at 3.) Petitioner also argued that the undersigned did not engage in a liberal construction when determining whether to grant the motion for summary judgment, specifically regarding the timeliness and diligence of Petitioner. (*Id.* at 4-6.)

Second, Petitioner objected to the denial of counsel and evidentiary hearings. (*Id.* at 8.) Specifically, Petitioner argued it was unreasonable, after ordering the attorneys to respond to Petitioner's IAC claims, for the state district court to accept an affidavit of attorney Rogelio Solis

as sufficient to deny any claims. (*Id.* at 9.) Further, Petitioner argued that it was unreasonable for the state district court to make findings without Lead Counsel's (Mr. Ricardo Flores) response to the request. (*Id.*) Petitioner concluded that because the habeas judge in the state proceedings did not have knowledge of the trial, said judge should have obtained an affidavit from Flores or grant an evidentiary hearing. (*Id.*)

Third, Petitioner objected to the standard of review articulated as to claim of ineffective assistance of counsel. (*Id.* at 10-11.) Specifically, Petitioner argued that the "look through" doctrine applied, where the federal court should look through to the last court's opinion and determine if said opinion as to ineffective assistance of counsel was reasonable. (*Id.* at 11.)

Lastly, Petitioner objected to the denial of certificate of appealability because "jurists of reason could clearly differ as to the Report and Recommendations of the Magistrate." (*Id.* at 12.)

The District Court adopted the Report and Recommendation on September 30, 2022 and noted within the Order:

> After having reviewed the said Report and Recommendation, *and after appropriate review of Movant's objections thereto,* the Court is of the opinion that the conclusions in said Report and Recommendation should be adopted by the Court.

(Civ. Dkt. No. 25 (emphasis added).)

The objections from Petitioner were reviewed as acknowledged by the District Court and the above statement sufficiently establishes such *de novo* review. *See Scott*, 1995 WL 450216, at *3; *see also Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981). No further explanation or reasoning was necessary or required, thus, there was no error by the District Court as claimed by Petitioner. The second claim, like the first, is without merit and is not brought in good faith for purposes of proceeding forward with an appeal *in forma pauperis*.

### III.

#### Admonishment

The Petitioner is advised that *if* this Report and Recommendation is adopted by the District Court, under Fifth Circuit precedent, the Petitioner *"either may pay the full filing fee or any relevant costs and proceed on appeal for plenary review, or contest the certification decision [to deny IFP appeal] by filing a motion for leave to proceed IFP with the court of appeals."* Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997) (emphasis added).[3]

### IV.

### CONCLUSION

#### *Recommended Disposition*

After a careful review of the record and relevant law, as explained above as to each claim, the undersigned recommends that Petitioner's Motion for Leave to Proceed *in forma pauperis* (Civ. Doc. No. 31) be **DENIED** and that the District Court **CERTIFY** that Movant's Notice of Appeal (Civ. Doc. No. 27) is not taken in good faith.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual

---

[3] The Fifth Circuit further noted that if such a certification to proceed IFP is denied by the district court and the *pro se* petitioner then seeks and is granted leave to proceed IFP from the court of appeals, "the district court shall enter an appropriate order under 28 U.S.C. § 1915(b) assessing the initial partial filing fee and ordering payment of the remainder of the filing fee as directed by the PLRA [Prisoner Litigation Reform Act]. After this order is entered, appellate review will commence." *Baugh v.* Taylor, 117 F.3d 197, 202 n.22. (5th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1), (2).

8

findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 11th day of January 2023.

                                                  Juan F. Alanis
                                               United States Magistrate Judge